# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARIS CORREIA,<br><br>        Plaintiff,<br><br>v.<br><br>WEATHERPROOFING TECHNOLOGIES, INC.,<br><br>        Defendant, | CIVIL ACTION NO. 19-11318<br><br>REMOVED FROM THE SUPERIOR COURT OF SUFFOLK COUNTY, COMMONWEALTH OF MASSACHUSETTS<br>C.A. No. 194-CV-01175 |

## DEFENDANT WEATHERPROOFING TECHNOLOGIES, INC.'S
## NOTICE OF REMOVAL

Defendant Weatherproofing Technologies, Inc. ("Defendant"), by and through its attorneys, pursuant to 28 U.S.C. §§ 1331, 1332 and 1441, files this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the Superior Court of Suffolk County, Commonwealth of Massachusetts, Civil Action No. 194-CV-01175. In support of its Notice of Removal, Defendant states as follows:

### Background and Timeliness

1. On or about April 8, 2019, Plaintiff Paris Correia ("Plaintiff") filed her Complaint in the Superior Court of Suffolk County, Commonwealth of Massachusetts titled *Paris Correia v. Weatherproofing Technologies, Inc.*, Civil Action No. 194-CV-01175 ("Pending Action"). There are no other parties named in Plaintiff's Complaint.

2. Plaintiff served Defendant with a summons in this action on or about June 3, 2019.

3. Because Defendant has filed this Notice of Removal within thirty days of receiving service of process, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Summons, Tracking Order, Civil Action Cover Sheet, Complaint and Jury Demand that Defendant accepted Service of, as well as Defendant's Agreement to Accept Service, from the state court action, is attached hereto as Exhibit 1. These documents constitute all "process, pleadings, and orders" served on Defendant in the state court action seeking recovery against it.

### This Case Is Removable Based Upon Federal Question

5. This Court has original jurisdiction over the Pending Action pursuant to 28 U.S.C. §1331 in that Plaintiff claims that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

6. Thus, this action is removable to this Court pursuant to 28 U.S.C. § 1441 because Plaintiff asserts substantive claims arising under federal law.

### This Court Has Diversity Jurisdiction Over This Action

7. Removal of this case is proper pursuant to 28 U.S.C. § 1332(a)(1) because the case is between citizens of different states and the amount in controversy requirement is met.

8. Plaintiff is a citizen of the State of Rhode Island. *See* Complaint, ¶ 1.

9. Defendant is a foreign corporation. It is incorporated under the laws of Delaware and has a principal place of business in Ohio. A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

10. Because Plaintiff and Defendants are citizens of different states, the parties satisfy the complete diversity of citizenship requirement for removal.

11. The amount in controversy requirement is also satisfied.

12.     Therefore, complete diversity exists between the parties in this matter, the amount in controversy requirement is satisfied, and this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

### Venue And Notice

13.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 101, this Court embraces the Superior Court of Suffolk County, Commonwealth of Massachusetts where Plaintiff filed her Complaint.  Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

14.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this notice of removal with the Clerk of the Massachusetts Superior Court for Suffolk County, and will also serve a copy upon counsel for Plaintiff. A true and correct copy of the notice to the Clerk of the Massachusetts Superior Court for Suffolk County is attached hereto as Exhibit 2.

15.     The Civil Cover Sheet required by this court is attached hereto as Exhibit 3.

16.     The Category Form required by this court is attached hereto as Exhibit 4.

### Conclusion

Based on the foregoing, this Court has original jurisdiction over this action pursuant to 29 U.S.C. § 207; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441.  Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages she seeks may be properly sought).  Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that it be permitted to brief and argue

the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Defendant respectfully requests that the Court retain jurisdiction and allow Defendant to file a motion asking this Court to certify any remand order for interlocutory review by the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Weatherproofing Technologies, Inc. requests that the above-described action pending against it be removed to this Court. Defendant also requests all other relief, at law or in equity, to which it justly is entitled.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | WEATHERPROOFING TECHNOLOGIES, INC., |
|  | By its Attorneys, |
|  | */s/ Hillary J. Massey* |
|  | Barry J. Miller (BBO No. 661596) |
|  | Hillary J. Massey (BBO No. 669600) |
|  | SEYFARTH SHAW LLP |
|  | Two Seaport Lane, Suite 300 |
|  | Boston, MA 02210-2028 |
|  | Telephone:    (617) 946-4800 |
|  | Fax:              (617) 946-4801 |
|  | bmiller@seyfarth.com |
|  | hmassey@seyfarth.com |

Dated: June 13, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2019, I filed this document through this Court's electronic filing system and served this document on Plaintiff through US Mail (with a copy sent via e-mail) at the following addresses:

Suzanne L. Herold
Herold Law Group, P.C.
50 Terminal Street
Building 2, Suite 716
Charlestown, MA 02129
suzie@heroldlawgroup.com

                                                */s/ Hillary J. Massey*
                                                Hillary J. Massey