Exhibit 1

# Exhibit 1

 Herold Law Group, P.C.

**VIA FMAIL
AND IRST CLASS MAIL**

May 22, 2019

Barry Miller, Esq.
Seyfarth Shaw LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

> **RE:    Paris Correia v. Weatherproofing Technologies, Inc.
> C.A. No. 19-cv-01176-D**

Dear Barry:

Thank you for agreeing to accept service in this matter.

Enclosed for service on each Defendant please find:

1. Agreement to Accept Service;
2. Copy of summons;
3. Tracking Order;
4. Civil Action Cover Sheet, and
5. Complaint and Jury Demand.

Please execute the Agreement and mail it back to me so that I may file it with the Court.

Thank you for your attention to this matter.  If you have any questions please do not hesitate to contact me.

Sincerely,

Suzanne L. Herold

Encl - as stated

50 Terminal Street
Building 2, Suite 716
Charlestown, MA 02129
617.944.1325
www.heroldlawgroup.com

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                          SUPERIOR COURT
                                      CIVIL ACTION NO.: 19-cv-01176-D

```
_____
                               )
PARIS CORREIA                  )
                               )
        Plaintiff,             )
                               )
v.                             )
                               )
WEATHERPROOFING                )
TECHNOLOGIES, INC.,            )
        Defendant.             )
_____)
```

### ACKNOWLEDGMENT AND ACCEPTANCE OF SERVICE

Service of Plaintiff's Complaint & Jury Demand, Summons, Tracking Order and Civil Action Cover Sheet is hereby acknowledged and accepted by Defendant, JN Services LLC d/b/a Nimbus DDOS.


May__, 2017                           Defendant,
                                      Weatherproofing Technologies, Inc.
                                      By its attorney,


                                      _____
                                      Barry Miller, Esq. (BBO# 661596)
                                      Seyfarth Shaw LLP
                                      Seaport East
                                      Two Seaport Lane, Suite 300
                                      Boston, MA 02210-2028

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _19-cv- 1175- D_

_Paris Correia_ , PLAINTIFF(S),

v.

_Weatherproofing Technologies, Inc._ , DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO _Weatherproofing Technologies, Inc._ (Defendant's name)

You are being sued.  The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the _Suffolk County_ Court.  **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.    You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may decide
      the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
      opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect
      to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an
      extension of time in writing from the Court.**

2.    How to Respond.  To respond to this lawsuit, you must file a written response with the court **and** mail a
      copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

      a.    Filing your **signed original** response with the Clerk's Office for Civil Business, _Superior_ Court, _3 Pemberton Square_
_Boston, MA  02108_ (address), by mail or in person, **AND**

      b.    Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
            address: _Herold Law Group, P.C., 50 Terminal Street, Bld 2, Sh 714, Charlestown, MA  02129_

3.    What to include in your response.  An "Answer" is one type of response to a Complaint.  Your Answer
      must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
      Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
      use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
      based on the same facts or transaction described in the Complaint, then you must include those claims
      in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
      lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
      Answer or in a written demand for a jury trial that you must send to the other side and file with the
      court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a
      **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion
      to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
      you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
      described in the rules of the Court in which the complaint was filed, available at
      www.mass.gov.courts/case-legal-res/rules of court.

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1984CV01175 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Paris Correia vs. Weatherproofing Technologies Inc | | Michael Joseph Donovan, Clerk of Court |
| TO: , | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 07/11/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 08/12/2019 | |
| All motions under MRCP 12, 19, and 20 | 08/12/2019 | 09/09/2019 | 10/09/2019 |
| All motions under MRCP 15 | 08/12/2019 | 09/09/2019 | 10/09/2019 |
| All discovery requests **and depositions** served and non-expert depositions completed | 02/06/2020 | | |
| All motions under MRCP 56 | 03/09/2020 | 04/06/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/04/2020 |
| Case shall be resolved and judgment shall issue by | | | 04/12/2021 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 04/12/2019 | ASSISTANT CLERK Jane M Mahon | PHONE (617)788-8110 |
|---|---|---|

| CIVIL ACTION COVER SHEET | | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): Paris Correia | COUNTY Suffolk |
|---|---|
| ADDRESS: 6 Hillview Ave | |
| North Springfield, RI | DEFENDANT(S): Weatherproofing Technologies, Inc. |

| ATTORNEY: Suzanne L. Herold, Herold Law Group, P.C. | |
|---|---|
| ADDRESS: 50 Terminal St. | ADDRESS: 84 State St. |
| Blk 2, Ste 716 | Boston, MA |
| Charlestown, MA 02129 | |
| BBO: 675808 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO.<br>A99 | TYPE OF ACTION (specify)<br>Other - Contract Action | TRACK<br>F | HAS A JURY CLAIM BEEN MADE?<br>[X] YES    [ ] NO |
|---|---|---|---|

*If "Other" please describe:

| Is there a claim under G.L. c. 93A?<br>[ ] YES    [ ] NO | Is this a class action under Mass. R. Civ. P. 23?<br>[ ] YES    [ ] NO |
|---|---|

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .................................................................................................. $_____
  2. Total doctor expenses ..................................................................................................... $_____
  3. Total chiropractic expenses ............................................................................................ $_____
  4. Total physical therapy expenses ..................................................................................... $_____
  5. Total other expenses (describe below) ........................................................................... $_____
                                                                                              Subtotal (A): $_____

B. Documented lost wages and compensation to date ......................................................... $_____
C. Documented property damages to date ............................................................................ $_____
D. Reasonably anticipated future medical and hospital expenses ........................................ $_____
E. Reasonably anticipated lost wages .................................................................................. $_____
F. Other documented items of damages (describe below) .................................................... $_____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                                                              TOTAL (A-F):$_____

### CONTRACT CLAIMS
(attach additional sheets as necessary)
[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

Failure to pay wages / overtime / prevailing rate

                                                                                              TOTAL: $ 50,000 +

Signature of Attorney/ Unrepresented Plaintiff: X                                            Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                                                           Date: 4-8-19

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                      SUPERIOR COURT
                                                  CIVIL ACTION NO.:

_____
                                        )
PARIS CORREIA                           )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
WEATHERPROOFING                         )
TECHNOLOGIES, INC.,                     )
        Defendant.                      )
_____       )


## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Paris Correia ("Mr. Correia") is an individual with an address of 6 Hillview Avenue, North Springfield, Rhode Island.

2. The Defendant, Weatherproofing Technologies, Inc. ("the Company") is an Ohio corporation with a principal place of business located in Springfield, Hampden County Massachusetts. The Company has locations throughout the Commonwealth of Massachusetts and its registered agent is located at 84 State Street, Boston, Suffolk County, Massachusetts.

### Facts

3. The Company provides commercial roofing services and repairs to customers throughout North America.

4. The Plaintiff was employed by the Company as a Commercial Roofing Technician.

5. The Plaintiff was paid $19.00 per hour.

6. Mr. Correia was employed by the Company from June 15, 2015 until the Company terminated him on October 23, 2018.

7. At the time of his termination from the Company, he had 49.5 hours of accrued, unused vacation time that the Company has refused to pay him.

8.  The Company hired Mr. Correia as a roofing technician to perform roofing repair and maintenance work for its customers in Massachusetts and surrounding areas.

9.  Many of the Company's customers in Massachusetts are counties, towns, authorities or districts pursuant to M.G.L. c. 149 §§ 26, 27.

10. On information and belief, the prevailing rate for the work Plaintiff performs on public works jobs is approximately $55.00 per hour or more.

11. On some occasions the Company will pay Plaintiff the prevailing wage for their work on public works projects.

12. However, on numerous occasions, the Company has not paid Plaintiff the prevailing reate despite Plaintiff performing the type of work that does qualify him for the prevailing wage.

13. For example, in summer 2017 Mr. Correria spent months working at the University of Massachusetts – Amherst Campus ("UMASS Amherst").

14. Mr. Correia was not paid the prevailing rate for this work at UMASS Amherst.

15. On information and belief, Mr. Correia's coworkers were paid the prevailing wage for the same work at UMASS Amherst.

16. For example, there are numerous other jobs that Mr. Correia performed within the last 3 years on public entities that he was not paid prevailing wage for.

17. For example, Mr. Correia worked on various fire stations in Massachusetts and was not paid the prevailing wage, when his coworkers were paid the prevailing wage.

18. For example, Mr. Correia worked on various public schools in Massachusetts and was not paid the prevailing wage, when his coworkers were paid the prevailing wage.

19. Ed Kolasienski ("Mr. Kolasienski") is the Company's Regional manager who supervised Plaintiff.

20. Mr. Correia complained to Mr. Kolasienski about not being paid the prevailing wage.

21. Mr. Kolasienski did not correct or modify the Company's failure to pay Mr. Correia the prevailing wage.

22. Mr. Correia's hourly rate was $19.00 per hour.  Therefore, his overtime rate was $28.50 per hour.

23. Mr. Correia performed manual labor and does not fall within a statutory exemption to preclude him from earning overtime.

24. Plaintiff performed approximately one hour per day doing uncompensated work for the Company.

25. Deoending on how many hours the Plaintiff worked "on the job" the uncompensated hour at the end of each day was a hybrid of straight time and overtime.

26. Specifically, after Plaintiff completed the work on the roof, Plaintiff was required to go home and complete paperwork and administrative tasks for the Company.

27. The Company did not compensate Plaintiff for the time spent doing paperwork or administrative tasks.

28. For example, Plaintiff had to download the "before" and "after" pictures he took of that day's work.  Some jobs involved dozens or hundreds of photos.

29. After downloading the pictures, Plaintiff must organize them into categories and, in many cases, provide written captions for the pictures.

30. Once the pictures are organized and captioned, Plaintiff uploaded them and emailed them to the Company's headquarters in Ohio.

31. In some cases, the Plaintiff was also required to fill out a paper "photo log" of each picture and submit it to the Company.

32. Additionally, the Plaintiff had to fill out a Work Order for each job.  Plaintiff was able to fill out some of the Work Order on the job, but had to complete the form at home at the end of each day.

33. It is not possible for Plaintiff to complete the paperwork on the job site for many reasons.

34. For example, each job is scheduled for a certain number of hours, which the roofing technician was not to exceed.  In general, the allotted hours are only enough to cover the time spent physically on a roof or traveling, and does not leave time for paperwork.

35. For example, the paperwork required Internet access, which was not provided on the job sites.

36. At the end of each day, Plaintiff also had to fill out a materials checklist and a 'call history' sheet.

37. At the end of each night, Plaintiff was required to call in his hours and miles traveled. The Company's computer automated computer system is slow and outdated and the process takes Plaintiffs approximately 10-15 minutes per night.

38. If Plaintiffs purchased materials for a particular job, he is required to make a call to the Company to let them know the details of what he purchased.  In general, Plaintiffs purchased materials on a daily basis.

39. The Company was aware that Plaintiff was completing his paperwork and administrative tasks at the end of the day, based upon time stamps from email submissions of the paperwork.

40. Furthermore, the Company was aware that Plaintiff could not complete the paperwork on the job because Plaintiff was not provided the correct tools to complete paperwork on the job.

41. The Company did not pay Plaintiff for the time spent at the end of each day calling in his time and materials.

42. The Company did not pay Plaintiff for the time spent at the end of the day completing paperwork and administrative tasks.

43. The Company is aware that Plaintiff spent a portion of his afternoons and evenings completing the Company's paperwork and administrative tasks without compensation.

44. On average, Mr. Correia spent approximately one hour per day completing the administrative work for the Company without compensation.

45. Mr. Correia complained on numerous occasions about not properly being paid the prevailing rate.

46. Mr. Correia also complained on numerous occasions about not being paid for his off the clock work completing nightly paperwork required by the Company.

47. As the direct result of his complaints, the Company terminated Mr. Correia's position in October 2018.

48. Plaintiff has exhausted his administrative remedies with the Massachusetts Attorney General.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF M.G.L. C. 149, § 148 and 150

49. The Plaintiff hereby incorporates all allegations in this document with the same force and effect as if set forth herein.

50. This is a cause of action by Plaintiff against the Defendant for failure to pay earned wages, including off the clock work and vacation time.

51. As a result, the Plaintiff has suffered financial damages.

### COUNT II – RETALIATION IN VIOLATION OF M.G.L. C. 149, § 148 and 150

52. The Plaintiff hereby incorporates all allegations in this document with the same force and effect as if set forth herein.

53. This is a cause of action by Plaintiff against the Defendant for retaliation.

54. As a direct result of Plaintiff's complaints that Defendant had failed to pay earned wages, the Defendant terminated Plaintiff.

55. As a result, the Plaintiff has suffered financial damages.

### COUNT III – VIOLATION OF M.G.L. c. 151, § 1A

56. The Plaintiff hereby incorporates all allegations in this document with the same force and effect as if set forth herein.

57. This is a cause of action by Plaintiff against the Defendant for non-payment of overtime wages in violation of Massachusetts General Laws, chapter 151, § 1A.

58. At all times, the Company has failed to pay the Plaintiff overtime wages for working in excess of 40 hours per week.

59. The Plaintiff does not fall under a statutory exemption under Chapter 151, § 1A.

60. As a direct result, the Plaintiff has suffered monetary damages.

### COUNT IV – RETALIATION IN VIOLATION OF M.G.L. c. 151, § 1A

61. The Plaintiff hereby incorporates all allegations in this document with the same force and effect as if set forth herein.

62. This is a cause of action by Plaintiff against the Defendant for retaliation.

63.  As the result of Plaintiff complaining about not being properly paid for all overtime work, the Defendant terminated Plaintiff.

64.  As a direct result, the Plaintiff has suffered monetary damages.

### COUNT V – VIOLATION OF FLSA (29 USC § 207)

65.  The Plaintiff hereby incorporates all allegations in this document with the same force and effect as if set forth herein.

66.  This is a cause of action by Plaintiff against the Defendant for non-payment of overtime wages in violation of the Fair Labor Standards Act.

67.  The Company willfully failed to pay Plaintiff overtime wages for working in excess of 40 hours per week.

68.  The Plaintiff does not fall under a statutory exemption under the FLSA.

69.  As a direct result, the Plaintiff has suffered monetary damages.

### COUNT VI – RETALIATION IN VIOLATION OF FLSA (29 USC § 207)

70. The Plaintiff hereby incorporates all allegations in this document with the same force and effect as if set forth herein.

71.  This is a cause of action by Plaintiff against the Defendant for retaliation.

72.  As a direct result of Plaintiff complaining that the Company did not pay him for all of his overtime work, the Defendant terminated Plaintiff.

73.  As a direct result, the Plaintiff has suffered monetary damages.

### COUNT VII – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

74.  The Plaintiff hereby incorporates all allegations in this document with the same force and effect as if set forth herein.

75.  This is a cause of action by Plaintiff against the Defendant for breach of the covenant of good faith and fair dealing.

76.  The Company's refusal to pay wages to the Plaintiff has resulted in a windfall for the Company.

## COUNT VIII – VIOLATION OF M.G.L. c. 149 §§ 26 and 27

77. The Plaintiff hereby incorporates all allegations in this document with the same force and effect as if set forth herein.

78. This is a cause of action by the Plaintiff against the Defendant for failure to pay the prevailing wage on government projects.

79. As a result, the Plaintiff has suffered monetary damages.

## COUNT IX – BREACH OF CONTRACT

80. The Plaintiff hereby incorporates all allegations in this document with the same force and effect as if set forth herein.

81. This is a cause of action by the Plaintiff against the Defendant for breach of contract.

82. A binding and enforceable agreement, with consideration, existed between the Plaintiff and the Defendant.

83. The material breach by the Defendant in refusing to pay wages and overtime wages has caused the Plaintiff harm.

84. As a result, the Plaintiff have suffered monetary damages.

## COUNT X – RETALIATION IN VIOLATION OF M.G.L. c. 149 §§ 26 and 27

85. The Plaintiffs hereby incorporates all allegations in this document with the same force and effect as if set forth herein.

86. This is a cause of action by the Plaintiff against the Defendant for retaliation.

87. After the Plaintiff complained about Defendant's failure to pay the prevailing wage on government projects, the Defendant terminated Plaintiff.

88. As a result, the Plaintiff has suffered monetary damages.

*The Plaintiff demands a jury trial on all triable issues.*

WHEREFORE, the Plaintiff hereby requests that this Honorable Court grant the following relief:

1. enter an award of multiple damages against the Defendant, including lost wages, future lost wages, costs, reasonable attorney's fees and interest; and

2. grant such other relief as this Court deems just and proper.

April 8, 2019

The Plaintiff,
Paris Correia
By his attorney,

Suzanne L. Herold (BBO# 675808)
Herold Law Group, P.C.
50 Terminal Street
Building 2, Suite 716
Charlestown, MA 02129
(617) 944-1325 (t)
(617) 398-2730 (f)
suzie@heroldlawgroup.com

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT
                                                CIVIL ACTION NO.: 19-cv-01175-D

_____
                                      )
PARIS CORREIA                         )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )
                                      )
WEATHERPROOFING                       )
TECHNOLOGIES, INC.,                   )
        Defendant.                    )
_____)

## ACKNOWLEDGMENT AND ACCEPTANCE OF SERVICE

        Service of Plaintiff's Complaint & Jury Demand, Summons, Tracking Order and

Civil Action Cover Sheet is hereby acknowledged and accepted by Defendant,

Weatherproofing Technologies, Inc.

        May 28, 2019                            Defendant,
                                                Weatherproofing Technologies, Inc.
                                                By its attorney,


                                                */s/ Barry J. Miller*
                                                Barry Miller, Esq. (BBO# 661596)
                                                Seyfarth Shaw LLP
                                                Seaport East
                                                Two Seaport Lane, Suite 300
                                                Boston, MA 02210-2028